IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHARLENE GARRIS**                                                      **PLAINTIFF**

v.                                  **No. 4:12-cv-363-DPM**

**J.B. HUNT TRANSPORT, INC.**                                  **DEFENDANT**

## ORDER

J.B. Hunt moves to dismiss Garris's complaint in its entirety. In response, Garris moves to amend, dropping all of her claims except those under § 1981 and the Arkansas Civil Rights Act. The motion to amend is granted; and the motion to dismiss is therefore denied as moot on the dropped claims. The rest of Garris's amended complaint will stand if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

J.B. Hunt's motion to dismiss Garris's claim for retaliation under the Arkansas Civil Rights Act is granted. Garris originally alleged that she was terminated "in retaliation for protesting illegal drug testing policies and practices, in violation of the [Arkansas Civil Rights Act] of 1993." *Document No. 2*, ¶ 13. As J.B. Hunt pointed out in its motion, though, the ACRA only

protects those who oppose an act or practice made unlawful by that statute. And illegal drug testing policies are not an act or practice covered by the ACRA. ARK. CODE ANN. § 16-123-107. Apparently recognizing this problem, Garris changed the allegation in her proposed amended complaint. She now alleges that J.B. Hunt terminated her for protesting the manner in which she was being terminated. *Document No. 18-1*, ¶ *11*. This is circular, rendering the claim implausible. Garris's ACRA retaliation claim is dismissed without prejudice.

The rest of J.B. Hunt's motion to dismiss is denied. Garris has pleaded a plausible § 1981 claim, alleging that she was treated differently than similarly situated white employees because of her race. *Document No. 18-1*, ¶¶ *7–8*. This is sufficient.

Motion to dismiss, *Document No. 6*, granted in part, denied in part, and denied as moot in part. Motion to amend, *Document No. 18*, granted as modified. Garris should file her amended complaint, eliminating the dismissed retaliation claim, by 10 August 2012.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

2 August 2012